**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No.  1412017572 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| BRAHIM G. WATERMAN | ) | |
| Defendant. | ) | |

Submitted:  October 10, 2017
Decided:  January 22, 2018

**COMMISSIONER'S REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF**

Brahim G. Waterman, defendant, *pro se.*

**MANNING**, Commissioner:

This 22nd day of January 2018, upon consideration of defendant Brahim G. Waterman's motion for postconviction relief (hereinafter the "Motion"), I find and recommend the following:

## Procedural History

Defendant was sentenced on August 7, 2015, after pleading guilty to one count of Possession with Intent to Distribute Heroin, Tier Five weight. As contemplated by the plea agreement, the State moved to have Waterman declared a Habitual Offender under § 4214(a), with a recommended cap of ten years at Level Five. Waterman also admitted to a violation of probation. Waterman was sentenced to ten years at supervision Level Five, Greentree program "if accepted." Waterman subsequently filed an appeal to the Delaware Supreme Court. His conviction was affirmed on July 8, 2016.[1] The instant Motion was docketed October 10, 2017. In his Motion, Waterman alleges the following claims, which I am reciting verbatim:

Ground One: "Coerced Confession or Guilty Plea." Counsel was using tactical legal strategies to coerce his client into a guilty plea bargain, when girlfriend was let go from police station. 90 days later police re-arrested girlfriend. The sentence is inappropriate for all the reasons stated at the time of sentencing Greentree de novo abuse treatment program was open for completing & participation, but as of February 1st 2017 the program was shut down. Movant is showing good reason to warrant a review of his sentence and rehabilitative programing.

---

[1] *Waterman v. State*, No. 484, 2015 (Del. July 6, 2016).

1

Ground Two:       Ineffective Assistance of Counsel. Counsel, John S. Malik, Esq., did not inform his client Brahim Waterman of the (two) charges which was against him.  It states that on April 1, 2015, Appellant Waterman entered a plea of guilty before the Honorable Charles E. Butler to two counts of Tier 4 Drug Dealing/Possession with Intent to Deliver Heroin.  There was no Tier 5 Possession of Heroin acknowledged the day of April 1, 2015 by the Honorable Charles E. Butler.  See pg. A2, 19. Movant is confused on the spatial units & separate offenses.

Ground Thee:       Hardships. Inmate is segregated from Law Library office and does not have direct contact with others – let alone contact with legal paperwork.  He (Waterman) is mentally deteriorating back in <u>SHU</u> units Solitary Housing Units.

## Analysis

It is well established that the procedural requirements of Superior Court Criminal Rule 61 must be addressed before considering the merits of any argument.[2]

Waterman's appeal was decided on July 8, 2016.  The record and mandate to the Clerk of the Superior Court were returned on July 26, 2016, and docketed on July 28, 2016.  According to Waterman's Motion, he did not move for re-argument, nor file a Writ of Certiorari to the United State Supreme Court.[3]  As previously noted,

---

[2] *See Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[3] Waterman responded "N/A" to the question on the Motion for Postconviction relief form that asks "Did you appeal the result(s)."

2

Waterman's Motion was filed on October 10, 2017. Pursuant to Rule 61(i)(1), a "motion for postconviction relief may not be filed more than one year after the judgment of conviction is final...."[4] Therefore, Waterman's Motion is untimely because it was not filed on or before July 28, 2017.

## Conclusion

For the foregoing reasons, Waterman's Motion is procedurally barred and should be DENIED.

**IT IS SO RECOMMENDED.**

Bradley V. Manning,
Commissioner


OC: Prothonotary
cc: Defendant via first class mail

---

[4] Waterman has not alleged the exception to the one-year requirement under Rule 61(i)(1): "a retroactively applicable right that is newly recognized after the judgment of conviction is final...."

3